## In the Matter of the Estate of MARY E. HUNT, Deceased.

Surrogate's Court, Columbia County, May, 1932.

*John L. Crandell,* for the petitioner, The Farmers National Bank of Hudson, N. Y.

*John V. Whitbeck, Jr.,* special guardian for Leslie R. Hunt.

*Edwin L. Fowler,* for Edward Betts, a named trustee.

*Newton B. Van Derzee,* for Charles B. Sullivan and the Mechanics and Farmers Bank of Albany, as committee of the property of Leslie R. Hunt.

*F. B. Lindsay* and *Irwin M. Ives,* for Cora B. Ives.

CHACE, S. The Farmers National Bank of Hudson presented a petition to this court for the probate of the last will and testament of Mary E. Hunt, deceased. The petitioner was named as trustee in the said last will and testament of the decedent. The will was executed on the 17th day of December, 1931, after a period of negotiations between the decedent and her attorney, John L. Crandell, which had continued for a period of more than two months. On the 17th day of December, 1931, the will was executed

by decedent, and the said John L. Crandell and Edward H. Best, another attorney, acted as subscribing witnesses. The will was then delivered to the decedent and taken to Albany where the decedent was sojourning at the time of the execution of the same. Upon the trial in this matter there was no question raised as to the mental capacity of the decedent nor as to the manner of the execution of the will, and it is perfectly evident to this court that the decedent had at the time the mental capacity to make a last will and testament.

On December eighteenth the decedent asked her chauffeur, Edward Betts, to procure the will from the safe deposit box in the Mechanics and Farmers Bank of Albany, where the same had been deposited on the previous day. Edwin L. Fowler, who was attorney for Mrs. Hunt in other matters and attorney for the Mechanics and Farmers Bank of Albany and also attorney for Mr. Betts, was called to the residence of Mrs. Hunt and on the afternoon of that day, after a reading of the will, the decedent informed Mr. Fowler that the document was not in the form she thought it. She said that she desired to make corrections and asked his advice regarding a new will. She requested Mr. Fowler to inform her in what manner she could revoke the will and he told her that she could cut off the last page and state that she desired to revoke the will. She stated also that her chief objection to the will was the fact that the Farmers National Bank of Hudson had been named trustee when she desired the Mechanics and Farmers Bank of Albany to act as such trustee and executor. There is no evidence in this case as to any other possible theory as to the destruction of the will and there is no doubt but what decedent was possessed of the same mental capacity on the day of the destruction of the will as on the date of its execution and there is no evidence before this court tending to show any fact opposed to this idea, so that it must appear that decedent intended to destroy the will and did so by her own act and thereby annulled the same.

The proponents have raised the question of undue influence by said chauffeur by and upon the decedent in order to have her revoke the will. It appears that the chauffeur had been connected with the family for many years and during all this time he had been called upon by the family in various capacities and that after the death of decedent's daughter he had access to and did open the safe deposit box containing the securities belonging to the decedent. In the last will and testament of decedent he was one of the beneficiaries, and it is difficult for this court to see how he would work against his own interest unless he was acting in good faith.

It would seem strange that a person should change her mind

so quickly after all the study that she had put upon making this will were it not for two facts which appeared in the testimony: *First*, that she realized that the executor and trustee that she desired had not been named, and *second*, that she had ascertained from investigation that the purposes and plans made by her for the endowment of an institution under and pursuant to the residuary clause of her last will and testament could not be accomplished for the reason that the fund at her disposal for such purpose was inadequate. This appears from the testimony that she had visited the Berkshire Industrial School and other places where she ascertained that the cost of endowing such an institution would be very much more than she thought.

In view of these facts the question of jurisdiction is unimportant as the matter is closed by the entry of this decree. The decedent stated in the document that she was a resident of the county of Columbia and I, therefore, hold that she was a resident of the county of Columbia at the time of her death, especially for the reason that no act has been shown by her indicating that she had changed or intended to change her residence from the time of the execution of the will.

The court is of the opinion that the petitioner was justified to attempt probate of this will and for this reason the petitioner is entitled to the costs of this proceeding. The prevailing party is also entitled to costs as well as the first special guardian appointed by the court. An order may be entered dismissing these proceedings and the same may be settled together with allowances for costs upon motion or at the convenience of the parties.